IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

NATASKA HOWARD,

    Petitioner,

v.                                            Case No. 4:10cv408-MP/CAS

WARDEN W.T. TAYLOR,

    Respondent.

_____/

## REPORT AND RECOMMENDATION TO DISMISS § 2241 PETITION

On September 13, 2010, Petitioner Nataska Howard, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, and a supporting memorandum. Doc. 1. Respondent filed a response to the petition (Doc. 11) with exhibits, to which Petitioner filed a reply (Doc. 12). Petitioner has also filed a request for leave to file a motion to supplement (Doc. 14), as well as the motion to supplement (Doc. 15).

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida

Local Rule 72.2(B).  After careful consideration, the undersigned concludes that Petitioner has not demonstrated entitlement to proceed under § 2241 and, accordingly, this action should be dismissed.

## Background and Procedural History

Following a jury trial in July 2006, the United States District Court for the Southern District of Florida, Case No. 06-20177-CR-MARTINEZ, Petitioner was found guilty of one count of conspiracy to possess with intent to distribute five or more grams of cocaine base (commonly known as crack cocaine) and one count of possession with intent to distribute five or more grams of cocaine base (crack cocaine) possession of a firearm by a felon, in violation of 21 U.S.C. §§ 846 and 841(a)(1), in connection with events that took place on March 7, 2006.  See United States v. Howard, Case No. 1:06cr20177-JEM, Verdict, Doc. 54 (S.D. Fla. July 14, 2006), and Judgment, Doc. 70 (S.D. Fla. Oct. 17, 2006).[1]  Prior to the trial, the Government had filed a notice of its intent to seek enhanced penalties, pursuant to 21 U.S.C. § 851.  See id. Notice, Doc. 32.  In October 2006, Petitioner was adjudicated guilty and sentenced pursuant to the Sentencing Reform Act of 1984, to 360 months of imprisonment followed by 8 years of supervised release on each count, to be served concurrently.  See id. Judgment, Doc. 70.  This prison term reflected the lowest end of the applicable guideline range implicated by Petitioner's classification as a career offender under Section 4B1.1 of the Sentencing Guidelines.  See id. Presentence Investigation Report (PSR), Doc. 72.

---

[1] The Docket Sheet for United States v. Howard, Case No. 1:06cr20177-JEM, is attached as Exhibit 1 to the Government's Response in this case.  See Doc. 11, Ex. 1.
Case No. 4:10cv408-MP/CAS

Petitioner appealed the judgment and sentence to the Eleventh Circuit Court of Appeals, Case No. 06-15802.  *See id.* Notice of Appeal, Doc. 73 (S.D. Fla. Oct. 23, 2006).  The appellate court affirmed the convictions and sentence on October 31, 2007.  *See id.* Mandate, Doc. 88 (S.D. Fla. Dec. 4, 2007); United States v. Howard, 252 F. App'x 955 (11th Cir. 2007).  In particular, the appellate court rejected, on de novo review, Petitioner's argument that the trial court erred in classifying her as a career offender under U.S.S.G. § 4B1.1(a) because her prior conviction in state court for improper exhibition of a firearm on or near school property was not a crime of violence within U.S.S.G. § 4B1.2(a).  Howard, 252 F. App'x at 959-61.  The court also rejected Petitioner's argument that her sentences were unreasonable and disproportionate to the crimes at issue.  *Id.* at 961-62.

In February 2008, Petitioner filed a motion to vacate sentence under 28 U.S.C. § 2255 and a supporting memorandum.  *See* United States v. Howard, Case No. 1:06cr20177-JEM, Motion to Vacate and Memorandum, Docs. 90 and 91 (S.D. Fla. Feb. 19, 2008); United States v. Howard, No. 1:08cv20411-JEM (case number assigned for § 2255 proceeding).[2]  The magistrate judge entered a report and recommendation that the motion be denied.  *See* United States v. Howard, Case No. 1:08cv20411, Doc. 11 (S.D. Fla. Sept. 17, 2008).  The district court adopted the report and recommendation, and denied Petitioner's motion.  *See id.* Docs. 12 (order), 15 (amended order).

---

[2]The Docket Sheet for United States v. Howard, Case No. 1:08cv20411-JEM is attached as Exhibit 3 to the Government's Response in this case.  *See* Doc. 11, Ex. 3.
Case No. 4:10cv408-MP/CAS

Petitioner tried to appeal, but the court denied a certificate of appealability.  *See id.* Docs. 16, 17, 18, 29.

Petitioner also filed, in February 2008, a motion to reduce sentence pursuant to 18 U.S.C. § 3582.  *See* <u>United States v. Howard</u>, Case No. 1:06cr20177-JEM, Doc. 92 (S.D. Fla. Feb. 28, 2008).  The district court denied that motion.  *See id.* Doc. 94.

In June 2009, Petitioner filed another § 3582 motion.  *See id.* Doc. 96 (S.D. Fla. 2009).  The district court denied this motion as previously denied.  *Id.* Doc. 94.  Petitioner appealed.  *Id.* Doc. 103.  The Eleventh Circuit affirmed the district court's denial of the § 3582 motion.  *See id.* Doc. 110; <u>United States v. Howard</u>, 372 F. App'x 978 (11th Cir. 2010).  In particular, the appellate court explained:

> Howard's arguments that she is not a career offender and that her sentence is unreasonable are groundless.  Howard has already presented these issues before this Court in <u>United States v. Howard</u>.  252 Fed. Appx. 955.  In that appeal, this Court affirmed the district court's determination that Howard was a career offender under U.S.S.G. §  4B1.1, and held that the sentence applied was reasonable.  *Id.* at 959-962.  Here, Howard has not presented an argument which falls under the three exceptions to the law-of-the-case doctrine in her § 3582 motion.  Therefore, to the extent that Howard attempts to argue that she was improperly sentenced as a career offender and that her sentence was unreasonable, the contentions are foreclosed by the law-of-the-case doctrine.

<u>Howard</u>, 372 F. App'x at 979.  The United States Supreme Court denied Howard's petition for writ of certiorari.  <u>Howard v. United States</u>, 131 S.Ct. 345 (2010).

Petitioner filed her § 2241 petition and supporting memorandum in this case on September 13, 2010.  Docs. 1 and 1-1.  As indicated in this Court's earlier order, Petitioner raises two claims.  Doc. 7.

First, Petitioner asserts she is actually innocent of her sentence fo a crack cocaine offense pursuant to the Fair Sentencing Act of 2010 (FSA), which Petitioner claims should apply retroactively.  *See* Doc. 1-1 at 6-9[3]; Doc. 7 at 2.  As indicated in this Court's earlier order, the FSA does not apply retroactively and Petitioner is not otherwise entitled to relief on this claim.  *See* Doc. 7 at 3; United States v. Gomes, 621 F.3d 1343, 1346 (11th Cir. 2010).

Second, Petitioner claims she is "actually, factually, and legally innocent of being a career offender."  Doc. 1-1 at 10.  Petitioner asserts she entered a guilty plea only to possession of a weapon "and not to any violence with the weapon, especially not to any firing of the weapon."  *Id.*; *see* Doc. 7 at 3.  Thus, according to Petitioner, this offense was improperly used as a "crime of violence" in sentencing her as a career offender.  Doc. 1-1 at 10-11.  In support of this claim, Petitioner cites the now-vacated opinion in Gilbert v. United States, 609 F.3d 1159 (11th Cir. 2010).  Doc. 1-1 at 8; *see* Doc. 7 at 3.  Petitioner also cites, among others, Johnson v. United States, 130 S.Ct. 1265 (2010), Begay v. United States, 553 U.S. 137 (2008), and United States v. Archer, 531 F.3d 1347 (11th Cir. 2008).  Doc. 1-1 at 8; *see* Doc. 7 at 3-4.

In its response, the Government addressed this claim.  *See* Doc. 11.  The Government first contends Petitioner has failed to demonstrate the availability of the savings clause of § 2255 allowing her to file a § 2241 petition.  *Id.* at 5-6.  The Government points out that Petitioner raised the same argument she raises here, in her direct appeal to the Eleventh Circuit – that her prior offense was not a crime of violence

---

[3]Page references correspond to pages as indicated in Electronic Case Filing.

and should not have been used to enhance her sentence.  *Id.* at 6, 10.  Petitioner then sought relief pursuant to § 2255, ultimately including the issue of her enhanced sentence, but that petition was denied.  *Id.* at 6-7; *see* Doc. 15 for Case No. 1:08cv20411.  Petitioner appealed that denial, but the Eleventh Circuit denied her certificate of appealability.  Thus, the Government asserts, given the plain meaning of the savings clause of § 2255, that clause is not available to Petitioner:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, <u>shall not be entertained if it appears</u> that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or <u>that such court has denied him relief</u>, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e) (emphasis added).

The Government also points out that the Eleventh Circuit, in Petitioner's direct appeal, addressed and rejected Petitioner's argument about the enhanced sentence. Doc. 11 at 7.  As the Eleventh Circuit later stated, in affirming the denial of Petitioner's § 3582 motion, that ruling became law of the case.  *Id.*; *see* <u>Howard</u>, 372 F. App'x at 979.  The Government asserts Petitioner has failed to demonstrate her remedy under § 2255 was inadequate or ineffective to test the legality of her detention.  Further, the Government argues Petitioner has not demonstrated her "actual innocence."  Doc. 11 at 8.  According to the Government, Petitioner's reliance on <u>Begay</u> and <u>Gilbert</u> is misplaced, and Petitioner is not entitled to proceed under the § 2255 savings clause. Doc. 11 at 5, 9-10.

## **Analysis**

The power to issue the writ of habeas corpus was granted to the federal courts by the Judiciary Act of 1789.  *See* United States v. Hayman, 342 U.S. 205 (1952).  The habeas remedy is now codified in 28 U.S.C. § 2241, subsection (c)(3) of which provides that the writ of habeas corpus shall not extend to a prisoner unless the prisoner is "in custody in violation of the Constitution or laws or treaties of the United States."  As noted in Hayman, habeas corpus applications must be brought in the district of confinement.  342 U.S. at 213.

Because courts with federal prisons in their jurisdictional boundaries became inundated with habeas petitions, and because the materials, witnesses, and other evidence which had a significant bearing on the determination of the legality of a sentence were generally located in the district where sentence was imposed rather than where the prisoner was confined, in 1948 Congress enacted § 2255 of Title 28.  *See* Hayman, 342 U.S. at 212–14, 218; *see also* Wofford v. Scott, 177 F.3d 1236, 1239 (11th Cir. 1999).  The language of § 2255 suggests, and the Eleventh Circuit has expressly concluded, that this statute was intended to channel challenges to the legality of the imposition of a sentence, while leaving § 2241 available to challenge the continuation or execution of an initially valid confinement.  *See* Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1351–52 (11th Cir. 2008); United States v. Jordan, 915 F.2d 622, 629 (11th Cir. 1990) (explaining § 2255 is primary method of collateral attack on federally imposed sentence).  Thus, § 2241 provides an avenue for challenges to matters such as the administration of parole, prison disciplinary actions, prison

transfers, and certain types of detention.  *See* Antonelli, 542 F.3d at 1352 (petition challenging decision of federal Parole Commission is properly brought pursuant to § 2241); Thomas v. Crosby, 371 F.3d 782, 810 (11th Cir. 2004) (petition challenging pre-trial detention is properly brought pursuant to § 2241); Bishop v. Reno, 210 F.3d 1295, 1304 n.14 (11th Cir. 2000) (petition challenging Bureau of Prisons' administration of service credits, including calculation, awarding, and withholding, involves execution rather than imposition of sentence; thus, it is a matter for habeas corpus review).  A collateral attack on the validity of a federal conviction and sentence, is properly brought under 28 U.S.C. § 2255 in the district of conviction.  *See, e.g.*, Antonelli, 542 F.3d at 1351-52; Sawyer v. Holder, 326 F.3d 1353, 1365 (11th Cir. 2003); Jordan, 915 F.2d at 629.  A defendant may not circumvent the procedural limitations on § 2255 motions simply by styling his motion as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  *See, e.g.*, Antonelli, 542 F.3d at 1351.

> Title 28 U.S.C. § 2255(e) provides in pertinent part:
>
> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis added); Wofford, 177 F.3d at 1238 (quoting § 2255 with added emphasis).  The italicized language is known as the "savings clause," and could allow habeas corpus review of a claim barred as successive under § 2255, but only in limited circumstances:

> The savings clause of § 2255 applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244; Darby v. Hawk-Sawyer, 405 F.3d. 942, 945 (11th Cir. 2005). Failure to meet a single prong means a petitioner's claim fails. See Wofford, 177 F.3d at 1244; Flint v. Jordan, 514 F.3d 1165, 1168 (11th Cir. 2008). "A petitioner who has filed and been denied a previous § 2255 motion may not circumvent the successive motion restrictions simply by filing a petition under § 2241." Darby, 405 F.3d at 945 (citing Wofford, 177 F.3d at 1245).

In this case, Howard's § 2241 petition challenges the validity of her sentence, not the execution thereof. Such a challenge is properly brought pursuant to § 2255, not pursuant to § 2241. See, e.g., Antonelli, 542 F.3d at 1351-52; Sawyer, 326 F.3d at 1365; Jordan, 915 F.2d at 629.

Further, Howard's § 2241 petition is an attempt to circumvent the restrictions on successive § 2255 motions. Howard filed a previous § 2255 motion, which the district court denied with prejudice. The Eleventh Circuit denied a certificate of appealability when Howard tried to appeal the denial of her § 2255 motion, finding she had failed to make a substantial showing of a denial of a constitutional right. Petitioner has been heard, on direct appeal and in her § 2255 proceeding, on her claim concerning her classification as a career offender and the use of her prior conviction for improper exhibition of a firearm. Therefore, Petitioner cannot meet the rigorous standard of the savings clause. See Lancaster v. Warden, FCC Coleman-Medium, 433 F. App'x 783,

784 (11th Cir. 2011) (affirming dismissal of § 2241 petition in which petitioner argued he was actually innocent of being career offender because his predicate offenses were related, and explaining petitioner "previously raised the same argument on direct appeal so it too cannot meet the rigorous standard of the savings clause").

To the extent Petitioner relies on Gilbert, in support of her argument that she is entitled to § 2241 relief because she is actually innocent of being a career offender, such reliance appears misplaced. As the Eleventh Circuit explained in the en banc Gilbert opinion, the petitioner there (as here) "was not charged with, nor was he convicted of being a career offender." 640 F.3d at 1320. "A defendant who is convicted and then has the § 4B1.1 career offender enhancement, or any other guidelines enhancement, applied in the calculation of his sentence has not been convicted of being guilty of the enhancement." Id. In Gilbert, the Eleventh Circuit held that "the savings clause does not authorize a federal prisoner to bring in a § 2241 petition a claim, which would otherwise be barred by § 2255(h), that the sentencing guidelines were misapplied in a way that resulted in a longer sentence not exceeding the statutory maximum." Id. at 1323. Even considering this holding, the statutory maximum for each of Petitioner's two offenses is 40 years, see 21 U.S.C. §§ 841(b)(1)(B)(iii), 846 (2006), and thus her concurrent 360-month (30-year) prison sentences, followed by concurrent 8-year terms of probation, does not exceed the statutory maximum.

Finally, as indicated above, Petitioner recently filed a motion seeking to supplement her § 2241 petition. Doc. 14. In her motion to supplement, Petitioner again challenges the use of her prior state offense for possession of a weapon to classify her

Case No. 4:10cv408-MP/CAS

as a career offender. Doc. 15. Petitioner asserts she "was a victim in this state prior [offense] that was used to enhance her to career offender status." *Id.* Even considering this motion, and allowing such amendment, Petitioner is not entitled to relief under § 2241. As the Eleventh Circuit indicated in the opinion for Petitioner's direct appeal, because Petitioner failed to object to the facts set forth in her PSI regarding the circumstances of her prior conviction, she admitted them. <u>Howard</u>, 252 F. App'x at 961. That opinion indicates "Howard was at an elementary school, pulled out a firearm, and began firing several rounds at an unknown male who had stolen her bicycle," and "[s]he chased the unknown male across the physical education filed while discharging the firearm." *Id.* To the extent Petitioner now asserts an ineffective assistance of counsel claim for the failure to challenge the use of her prior conviction based on her status as a victim, *see* Doc. 15, Petitioner had the opportunity to raise such a claim in her § 2255 motion and did not do so, *see* <u>Howard</u>, Case No. 1:08cv20411, Doc. 15 (order adopting report and recommendation, Doc. 10, to deny § 2255 motion). Petitioner's underlying case reflects that counsel did file objections to the PSI and the Government's attempt to classify Petitioner as a career offender based on this prior offense. *See* <u>Howard</u>, Case No. 1:06cr20177-JEM, Docs. 62 and 64. Moreover, Petitioner entered a plea to the prior state offense years ago, *see* <u>Howard</u>, 252 F. App'x at 960 (citing 1997 version of Florida Statutes with reference to Petitioner's prior offense), and her time for raising a challenge to the validity of that plea has long expired, *see* Florida Rule of Criminal Procedure 3.850.

## Conclusion

In summary, review under § 2241 appears to be unavailable because Petitioner challenges the validity of her sentence, not the execution thereof.  Further, the § 2241 petition is an attempt to circumvent the restrictions on successive § 2255 motions. Accordingly, this § 2241 petition should be dismissed.

Accordingly, it is respectfully **RECOMMENDED**:

1.  Petitioner's Motion for Request to Supplement the § 2241 motion (Doc. 14) be **GRANTED** and the supplement (Doc. 15) be **ACCEPTED**.

2.  The petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (Doc. 1) be **DISMISSED**.

**IN CHAMBERS** at Tallahassee, Florida, on July 26, 2012.

S/   Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO PARTIES

**Within fourteen (14) days after being served with a copy of this report and recommendation, a party may serve and file specific, written objections to the proposed findings and recommendations.  A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**